# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC YANCY GONZALEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL UNDERWOOD, WARDEN, )<br>F.C.I. LORETTO, et al. )<br>)<br>Respondents. ) | Civil Action No. 3:25-190<br>Judge Nora Barry Fischer<br>Magistrate Judge Keith Pesto |

## **MEMORANDUM ORDER**

AND NOW, this 23rd day of February, 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith A. Pesto on December 8, 2025, (Docket No. 11), recommending that the § 2241 habeas petition filed by Petitioner Eric Yancy Gonzalez against Warden Michael Underwood of FCI Loretto et al. challenging the Bureau of Prisons' forfeiture of 41 days good conduct time as a result of disciplinary proceedings at F.C.I. Coleman due to his possession of a hazardous tool, namely a cell phone, in violation of Code 108 be denied because he has failed to demonstrate that he is entitled to the relief requested in light of the relevant standards of review in challenges to prison disciplinary proceedings, *see e.g., Superintendent v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985), and the Objections which were timely filed by Petitioner on January 23, 2026, (Docket No. 14), after he received an extension of time, (Docket No. 13), this matter having been recently reassigned to the undersigned for prompt disposition of the matter, and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation, (Docket No. 11), which is adopted as the Opinion of the Court,

IT IS HEREBY ORDERED that the Petitioner's Objections [14] are overruled, as the Court agrees with the Magistrate Judge that Petitioner has failed to establish that the appropriate procedures were not followed and the record otherwise supports the BOP's determination that "some evidence" supports the discipline imposed for Petitioner's misconduct, despite his claims to the contrary, *see e.g.*, *Sabir v. Warden Loretto FCI*, No. 24-2102, 2025 WL 2400433, at *2 (3d Cir. Aug. 19, 2025) (affirming District Court's conclusion that there was sufficient evidence to support the DHO's decision to disallow 41 days of good conduct time for inmate's possession of a cell phone); *Mercado-Rosario v. Underwood*, No. 3:23-CV-60, 2023 WL 11968306, at *3 (W.D. Pa. Nov. 15, 2023) (Haines, J.) (adopting Report and Recommendation, as supplemented, and finding that some evidence supported the discipline imposed of loss of 41 days of good conduct time for inmate possessing a cell phone);

IT IS FURTHER ORDERED that the Petition [5] is DENIED;

IT IS FURTHER ORDERED that no certificate of appealability shall issue, *see Goodloe v. Warden Lewisburg USP*, 2025 WL 342189, *1, n.1 (3d Cir. 2025) (citing *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("a federal prisoner challenging the denial of a § 2241 petition […] need not obtain a certificate of appealability"); and,

IT IS FURTHER ORDERED that an appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: Magistrate Judge Keith A. Pesto
cc:     ERIC YANCY GONZALEZ
        BOP Reg. No. 92751-509
        LORETTO
        FEDERAL CORRECTIONAL INSTITUTION
        Inmate Mail/Parcels
        P.O. BOX 1000
        CRESSON, PA 16630 (via first class mail)